UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALLACE G. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-756 (RMC) |
| v. | ) (consolidated with 16-1539 (RMC)) |
| | ) |
| CHARLES E. SAMUELS, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Wallace G. Mitchell, a federal prisoner, sues Charles E. Samuels, Jr., former Director of the Bureau of Prisons (BOP), and Thomas Kane, Acting Director of BOP, for an alleged failure to lodge a correction to Mr. Mitchell's sentencing records to remove one or more unspecified separation orders. Mr. Mitchell states that his appeal from a 1991 jury verdict was remanded by the D.C. Court of Appeals in 1993 with directions to remove the separation order(s) but that Mr. Samuels and Mr. Kane have refused to do so.

The Government's Motion to Dismiss was filed on August 15, 2016, *see* MTD [Dkt. 8], and on August 16, 2016, the Court ordered Mr. Mitchell to file his Response no later than September 23, 2016. *See* Order [Dkt. 9]. At the Court's subsequent order, the Government reported that it had mailed its motion to Mr. Mitchell on August 18, 2016. *See* Notice [Dkt. 10]. On September 8, 2016 (entered on ECF on September 14, 2016), Mr. Mitchell moved for relief from the Court's August 31, 2016 order consolidating two of his cases,[1] complaining that he did

---

[1] *Mitchell v. Samuels*, No. 16-cv-756 (D.D.C. filed April 25, 2016) was consolidated with *Mitchell v. Kane and Samuels*, No. 16-cv-1539 (D.D.C. filed July 27, 2016), as the first sued the former Director of the BOP and the second sued the then-current Acting Director (*and* the former director, identified as "Director Emeritus"), and both cases advanced the same claims based on the same facts.

1

not receive a copy of the motion to consolidate and had no way of opposing it. *See* First Mot. for Relief [Dkt. 12]. He also stated that he had received the August 16, 2016 Order requiring him to respond to Defendants' motion by September 23 but, as of September 8, had not yet received the motion itself. *Id.* ¶ 4. He complained that the D.C. Jail, where he is temporarily housed, was failing to deliver mail to him from the United States Attorney's Office. By Minute Entry Order (MEO) dated October 12, 2016, the Court denied the motion for relief from judgment as no judgment had issued and *sua sponte* extended Mr. Mitchell's time to respond to the Motion to Dismiss until November 15, 2016, again warning that a failure to file a timely response could lead to dismissal. *See* MEO 10/12/16. As noted on the docket, the Clerk of Court mailed the MEO to Mr. Mitchell.

On November 30, 2016—two weeks after his deadline—Mr. Mitchell filed a motion for an extension of time to file his response, stating that he had not received the October 12, 2016 order. *See* Mot. for Extension [Dkt. 13]. By MEO dated December 2, 2016, the Court granted another extension to January 18, 2017, *nunc pro tunc* to November 15, 2016. *See* MEO 12/2/16. When nothing was received, despite generous leeway, the Court granted the motion to dismiss on March 24, 2017, without prejudice. *See* Final Order [Dkt. 14]. On April 14, 2017, Mr. Mitchell moved for relief from the dismissal order under Rule 60(b) of the Federal Rules of Civil Procedure. *See* Second Mot. for Relief [Dkt. 15]. He contends that "on or about January 12, 2017," he gave his opposition "to the prison officials for mailing" and thus "was surprised" to learn that the case had been dismissed. *Id.* at 1-2. Mr. Mitchell states that he "will need an extension of time to recompile his opposition" if the motion is granted. *Id.* at 3.

The granting of a Rule 60(b) motion is "discretionary" and need not occur "unless the district court finds that there is an intervening change of controlling law, the availability of

new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). To ensure that reopening a case is worthwhile, "movants must show that their underlying claims have at least some merit. They need not meet a particularly 'high bar' to satisfy this threshold requirement, but they must provide at least 'a hint of a suggestion' that they might prevail." *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012)). This "well-established" standard applies even when "the claims were not originally resolved on the merits but were instead dismissed for failure to prosecute" or when, as here, the case was dismissed after the plaintiff failed to respond to a motion to dismiss. *Id*. (citing *Murray v. District of Columbia*, 52 F.3d 353 (D.C. Cir. 1995); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310 (D.C. Cir. 1986)). Mr. Mitchell has offered nothing to support reopening this matter under the foregoing standard.

Mr. Mitchell was convicted in the Superior Court of the District of Columbia in 1991 of violent crimes including armed premeditated murder, armed felony murder, armed first-degree burglary, armed assault with intent to kill, and possession of a firearm during a crime of violence. *See Mitchell v. United States*, 629 A.2d 10, 10 (D.C. 1993). He is serving a life sentence with no possible parole before 2021. He has been in the custody of the BOP since 1991, most recently at U.S. Penitentiary Florence, Colorado, until he was released on a federal writ to the custody of the D.C. Department of Corrections (DOC) on July 18, 2014, for reasons unrelated to this litigation. He has initiated various cases against DOC since that time. In the instant matter, he complains that former BOP Director Charles E. Samuels, Jr., and Acting BOP Director Thomas Kane "ha[ve] refused to honor and lodge . . . corrected records . . . causing Plaintiff to suffer irregular housing and custody status in the FBOP [Federal Bureau of Prisons]."

Compl. [Dkt. 1-1] at 3. He brings his suit under D.C. Code § 16-1901, for a writ of habeas corpus. *Id*.

The Government responds that Mr. Mitchell can no longer proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because he has filed at least three prior cases which were dismissed as frivolous, malicious, or for failure to state a claim. *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). It notes that Mr. Mitchell has sued the government often. *See Mitchell v. Lynch*, No. 15-mc-918-UNA, Mem. & Order [Dkt. 1] at 2 (D.D.C. filed July 15, 2015) (denying Plaintiff's *in forma pauperis* application under PLRA's three-strikes rule); *see also Deen-Mitchell v. Young*, No. 12-30748, Initial Case Check [Dkt. 00511930003] at 1 (5th Cir. filed July 18, 2012) (informing Plaintiff that he has had three or more cases dismissed as frivolous); *Gilbert-Mitchell, Jr. v. Patterson*, No. 10-2016, Order [Dkt. 18] at 1 (7th Cir. filed Apr. 27, 2010) ("Mitchell has, on three or more prior occasions, brought an action or appeal in which claims were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted, and he has been informed of his three-strike status by numerous courts."); *Deen-Mitchell v. Young*, No. 10-334-PM-KK, Order [Dkt. 24] at 2 (W.D. La. filed Feb. 18, 2010) (listing previous cases and finding Plaintiff is barred from proceeding *in forma pauperis*). As noted, this Court has previously recognized that Mr. Mitchell has accumulated the "three strikes" that preclude him from proceeding IFP absent a showing of "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g). *See Mitchell v. Lynch*, *supra* (citing *Gilbert-Mitchell v. Allred*, 12-cv-1997, 2013 WL 1365781 (D. Co. Apr. 3, 2013)). Mr. Mitchell does not complain that he is in imminent danger. While the Superior Court, where this action was first filed, granted Mr. Mitchell IFP status, courts frequently reconsider that status when asked to do so, as Defendants

4

do here. *See Asemani v. USCIS*, 797 F.3d 1069, 1073 (D.C. Cir. 2015). The Government asks the Court to rescind Mr. Mitchell's IFP status and require him to pay the full filing fee before the case can proceed any further.

But this Court has previously declined the Government's request, noting "from the specific language of § 1915(g) that the three-strike provision does not apply to a prisoner who is before this Court only because a defendant removed his case from state court." *Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016). Therefore, because Mr. Mitchell did not bring either of the two consolidated cases to federal court, his IFP status will not be revoked.

However, the Government also argues that neither former Director Samuels nor Acting Director Kane is a proper respondent to Mr. Mitchell's habeas petition because neither man is the warden of the D.C. Jail, *i.e.*, neither is Mr. Mitchell's current custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

The Government's motion to dismiss was filed on August 15, 2016, and mailed to Mr. Mitchell by the Government on August 18, 2016. *See* Notice. Mr. Mitchell makes no argument that he has not long-since received the motion to dismiss, yet at no time since then—most especially not in the pending motion—has he intimated that his "underlying claims have at least some merit" or "provide[d] at least 'a hint of a suggestion'" that he might prevail, which is required for relief under Rule 60(b). *Thomas*, 750 F.3d at 902 (quoting *Marino*, 685 F.3d at 1080).

The identity of the proper respondent to a habeas petition is not a complicated question. Mr. Mitchell is a repeat and experienced litigator. There being no reason to believe that his claims against either Defendant have any merit, or that any other part of the Rule 60(b)

standard is met by his motion, the Court will deny the motion for relief from the previously-entered dismissal order.

Accordingly, it is

**ORDERED** that Mr. Mitchell's Motion for Relief from Judgment [Dkt. 15] is **DENIED**.

This is a final appealable Order.

Date: June 14, 2017

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge